### RAYMOND v. TIFFANY.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

APPEAL AND ERROR (§ 582*)—RECORD ON APPEAL—PRINTING STENOGRAPHER'S MINUTES IN FULL.

Where, on appeal from an order refusing a resettlement of a proposed case on appeal, extracts from 250 pages of stenographer's minutes recited in the order are all that is necessary to bring before the court the question whether the order was right, and such parts as are material can be designated and those that have no bearing on the question eliminated, appellant need not print the minutes in full.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2582, 2583; Dec. Dig. § 582.*]

Appeal from Special Term, New York County.

Action by Irving E. Raymond against Louis C. Tiffany. From an order denying a motion to dispense with printing certain papers on appeal from an order, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Carl S. Stern, for appellant.

L. M. Berekley, for respondent.

PER CURIAM. The defendant obtained judgment against the plaintiff, and the plaintiff took an appeal to this court, and served his proposed case on appeal. The case seems to have been settled, and the defendant, conceiving that there was some error therein, moved

for a resettlement, asking that certain matters be inserted. On the argument of that motion, the court examined the stenographer's minutes in detail and in the order denying the motion the stenographer's minutes were recited as having been read. The defendant appealed from such order refusing a resettlement of the case, and such appeal is now pending. In the course of preparing his papers on appeal from such order refusing a resettlement the defendant made a motion to be relieved from printing the stenographer's minutes recited in the order. The court denied such motion, and the defendant now appeals.

The stenographer's minutes are alleged to consist of nearly 250 pages, exclusive of exhibits. It was unnecessary to print them in full in order to bring before this court the question as to whether the order refusing resettlement was right or wrong. Extracts relating to the matters in controversy only were necessary. Such parts as were material could be designated, and those that had no bearing upon the question eliminated.

The order should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term for action thereon in accordance herewith.